UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEKZOD MAMATKULOV,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2746

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### **I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.13–14.) In an order entered on October 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the January 1, 2026 and April 2, 2026, bond hearings on October 8, 2026, (Resp., ECF No. 4; Recording of Jan. 1, 2026 and Apr. 2, 2026, Bond Hearings, filed on Oct. 8, 2026), and Petitioner filed his reply on October 14, 2026, (ECF No. 5).

## II. Relevant Factual Background

Petitioner is a citizen of Uzbekistan who entered the United States in 2023. (Pet., ECF No. 1, PageID.4.) On November 20, 2025, Petitioner was arrested by ICE at a scheduled ICE check-in appointment. (*Id.*)

On January 2, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (*Id.* at 1–2.) At the conclusion of the January 2, 2026, hearing, the immigration judge denied Petitioner's request for bond because "Department of Homeland Security has shown by preponderance of the evidence that the Respondent is a flight risk…." (Immigration Judge Order, ECF No. 4-1, PageID.100.)

On April 2, 2026, Petitioner received a subsequent bond hearing based on changed circumstances and additional evidence. (Pet., ECF No. 1, PageID.2.) At the conclusion of the April 2, 2026, hearing, the immigration judge denied Petitioner's request for bond because "[b]ond was previously determined. No material change in circumstances." (Immigration Judge Order, ECF No. 4-3, PageID.104.)[1]

---

[1] On April 15, 2026, Petitioner filed a counseled § 2241 petition in this Court challenging only his mandatory detention under § 1225, not the constitutionality of the bond hearings he had received, in *Mamatkulov v. Raycraft et al.* (*Mamatkulov I*), No. 1:26-cv-1230 (W.D. Mich.). Specifically, in *Mamatkulov I*, Petitioner, proceeding with counsel, "argue[d] [only] that Respondents [we]re subjecting him to mandatory detention under § 1225," and the "§ 2241 petition and reply d[id] not mention either bond hearing." Op., *Mamatkulov I*, (W.D. Mich. Apr. 28, 2026), (ECF No. 6, PageID.119). In *Mamatkulov I*, the Court dismissed without prejudice Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as moot because Respondents had provided Petitioner with a bond hearing pursuant to § 1226 and Petitioner did not challenge the constitutionality of the bond hearings he had received. Op. & J., *Mamatkulov I*, (W.D. Mich. Apr.

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

---

28, 2026), (ECF Nos. 6, 7). The Court noted that Petitioner would be "free to challenge the constitutionality of the bond hearing itself; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition." Op., *Mamatkulov I*, (W.D. Mich. Apr. 28, 2026), (ECF No. 6, PageID.119 n.1).

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 16, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge