UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEKZOD MAMATKULOV,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2746

Honorable Jane M. Beckering

# **ORDER**

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement at the North Lake Processing Center located in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on October 16, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering "Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody." (Op., ECF No. 7.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 7, 8.) On October 26, 2026, Respondents filed a status report, indicating that a bond hearing had been held on October 23, 2026, and that Petitioner had been denied bond. (Status

Report, ECF No. 9; Immigration Judge Order, ECF No. 9-1.) In a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> The government has established by clear and convincing evidence that [Petitioner] is a flight risk. [Petitioner's] application for relief was denied and he was ordered removed from the United States. [Petitioner] has a pending appeal before the [Board of Immigration Appeals] but has a low likelihood of obtaining relief at this point in time.

(Immigration Judge Order, ECF No. 9-1, PageID.130.) In addition, during the bond hearing, the Immigration Judge stated that the burden was on the government. (*See* Recording of Oct. 23, 2026, Bond Hearing, at 0:50–1:03, 2:11–2:15, 7:44–7:50, and 8:15–8:23, filed on Nov. 2, 2023.)

Thereafter, on November 2, 2026, Petitioner filed a motion to enforce judgment and supporting brief in this closed action. (Post J. Mot., ECF No. 10; Pet'r's Br., ECF No. 11.) In these filings, Petitioner alleges that, at the bond hearing, the Immigration Judge denied bond by substituting Petitioner's "adverse removal decision and pending appeal for an individualized showing of flight risk, without explaining how those circumstances established a risk of nonappearance despite Petitioner's demonstrated compliance and proposed release arrangements." (Pet'r's Br., ECF No. 11, PageID.288.) In light of this, Petitioner requests, *inter alia*, that the Court determine Respondents failed to comply with the Conditional Judgment, and order Petitioner's immediate release or a new bond hearing. (Post J. Mot., ECF No. 10, PageID.134.)

In the motion to enforce judgment, Petitioner seeks to challenge the factual determinations made at the October 23, 2026, bond hearing in the Detroit Immigration Court. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's October 16, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court where the Immigration Judge found that "[t]he

government has established by clear and convincing evidence that [Petitioner] is a flight risk." (Immigration Judge Order, ECF No. 9-1, PageID.130.)

Petitioner's challenge to the factual determinations made at the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's October 16, 2026, Opinion and Judgment. Therefore, Petitioner's motion to enforce judgment (ECF No. 10) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: November 10, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge